IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01671-MEH

JOE L. RIVAS, on behalf of himself and others similarly situated,

    Plaintiff,

v.

MACHOL & JOHANNESS, LLC,

    Defendant.

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte* due to Plaintiff's failure to file a new complaint as ordered by the Court after having been severed from a case in which he also stopped participating, as explained fully below. The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

## BACKGROUND

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Plaintiff initiated an action as co-Plaintiff in case number 1:14-cv-02625-MEH, a class action lawsuit regarding the Fair Debt Collection Practices Act and alleged abusive, deceptive and unfair debt collections by Defendant. Complaint, docket #1.[2] On November 14, 2014, Plaintiff Rivas consented to jurisdiction of this Court under 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges. Consent form, docket #14, 1:14-cv-02625-MEH.

On May 19, 2015, Plaintiff Rivas's attorneys filed a motion to withdraw as his counsel; this Court set a hearing on the matter, ordering Plaintiffs' counsel to notify Mr. Rivas of the hearing and to provide him with a copy of the order setting the hearing. Minute Order, docket #24. Mr. Rivas did not appear at the June 1, 2015 hearing, despite counsel representing they had engaged in their best efforts to contact him with no results. Motion Hearing Courtroom Minutes, docket #25. Counsel's motion included the following explanation:

> An irreconcilable conflict of interest has developed between the undersigned counsel and Mr. Rivas to the extent that counsel can no longer continue to represent Mr. Rivas in the instant class action. In particular, Mr. Rivas has failed to communicate with his attorneys, despite a diligent effort by counsel to contact Mr. Rivas. Mr. Rivas has been informed of the decision of the undersigned attorneys to withdraw from his representation and has not advised his attorneys of his position with respect to same. Notice to Mr. Rivas included the warning that Mr. Rivas would be personally responsible for complying with all court orders and time limitations established by applicable statute and rule.

Motion to Withdraw by Counsel for Plaintiff Joe L. Rivas, docket #23 at 1-2 (internal paragraphing omitted). At the hearing, the Court granted the motion to withdraw, leaving Mr. Rivas to proceed *pro se* in the case. Motion Hearing Courtroom Minutes, docket #25.

---

[2] All docket citations prior to August 2015 refer to case number 1:14-cv-02625-MEH, the original case in which Mr. Rivas was a Plaintiff.

2

On August 3, 2015, Plaintiff Trujillo and Defendant filed a Joint Motion to Sever the class and Trujillo's claims from Mr. Rivas's claim. Docket #30. The motion explained that Plaintiffs and Defendant had reached an agreement to settle the case on a class-wide basis, subject to Court approval; however, "subsequently, Plaintiff Rivas ceased communicating with his attorneys and failed and refused to sign the settlement agreement." *Id.* at 1. Plaintiff Rivas, now *pro se*, continued to fail to engage in the case; therefore, Plaintiff Trujillo and Defendant asked the Court to sever their case from Mr. Rivas's claims. *Id.* at 1-2. The Court granted the motion on August 5, 2015, directing the Clerk of Court to sever Mr. Rivas from the case and assign a new case number for him; furthermore, the Court ordered Mr. Rivas to file an amended complaint using the new case number on or before August 25, 2015, or risk dismissal of his case. Minute Order, docket #31.

The Clerk of Court on August 5, 2015, assigned a new case number to Mr. Rivas: 1:15-cv-1671-MEH. The Clerk also issued a consent form for Mr. Rivas to consider as the case was again assigned pursuant to the District's Pilot Program. *See* docket #2.[3] This Court's review of the docket indicated that Mr. Rivas never complied with the Order to file an amended complaint by August 25, 2015 and had not consented to magistrate judge jurisdiction; thus, on September 3, 2015, this Court issued an order reassigning the case to a District Judge. Minute Order Reassigning Case, docket #4. The Clerk reassigned the case to District Judge Philip A. Brimmer, leading to another new case number: 1:15-cv-1671-PAB-MEH. Docket #5. Judge Brimmer then verbally requested a recommendation from this Court regarding Mr. Rivas's failure to prosecute the case.

---

[3] All subsequent citations refer to Mr. Rivas's new case number: 1:15-cv-1671-MEH, which after September 3, 2015, became 1:15-cv-1671-PAB-MEH.

3

## DISCUSSION

Although Plaintiff Joe Rivas is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. By order of this Court, Plaintiff's amended complaint in this matter was due to be filed on or before August 25, 2015. As noted previously, Plaintiff failed to file. Additionally, there has been no request for an extension of time in which to file. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same court orders and rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set

forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case has caused the Defendant prejudice because it has been deprived of information and documents necessary to defend against Plaintiff's claims. Moreover, Plaintiff's lack of response to this Court's orders in this and his initially filed lawsuit – as well as his complete failure to participate – has interfered with the judicial process. Additionally, the Plaintiff's inactions have caused the need for parties and the Court to file and rule on additional motions, necessarily increasing the workload of the Court and interfering with the administration of justice.

Furthermore, the Plaintiff has provided no justification for his failures to respond to Court orders and to participate in the litigation; his culpability is evident. Plaintiff was warned in two orders – the first, severing him from the first case and the second, creating his new case and allowing him the opportunity to file an amended complaint – that the Court would recommend dismissal for his failure to prosecute; yet, he has made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiff has essentially abandoned this

litigation; thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## CONCLUSION

The Plaintiff appears to have abandoned his claims in this matter. He has failed to prosecute the case with due diligence by his failure to file an amended complaint or request an extension of time if he was unable to do so in a timely manner. For these reasons alone, dismissal of this action against the Defendant is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully **recommend** that the District Court **dismiss this case with prejudice** for Plaintiff's failure to prosecute this action.

Dated this 8th day of September, 2015, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge